## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| CHARLES WINGATE,<br>BOP Reg. No. 70055019,<br>      Movant, | MOTION TO VACATE<br>28 U.S.C. § 2255 |
| | CRIMINAL ACTION NO. |
| v. | 1:16-cr-0145-TWT-JKL-20 |
| UNITED STATES OF AMERICA,<br>      Respondent. | CIVIL ACTION NO.<br>1:21-cv-2223-TWT-JKL |

### FINAL REPORT AND RECOMMENDATION

Movant Charles Wingate, a federal prisoner currently confined at FCI Terre Haute in Terre Haute, Indiana, has filed a *pro se* amended 28 U.S.C. § 2255 motion to vacate challenging his guilty plea conviction and sentence in Case No. 1:16-cr-0145-TWT-JKL-20. The matter is before the Court on the amended § 2255 motion and the government's response. For the reasons stated below, **IT IS RECOMMENDED** that the amended § 2255 motion be **DENIED** and that no certificate of appealability issue

## I.    PROCEDURAL HISTORY

On October 24, 2018, a federal grand jury returned a 24-count second superseding indictment against Movant and 33 other individuals related to racketeering activities. (*See* Doc. 1750.) Ultimately, Movant entered into a written

agreement to plead guilty to the racketeering conspiracy charged in Count 1 of the second superseding indictment, in violation of 18 U.S.C. §§ 1962(d) and 1963(a). (*See* Doc. 2239-1 at 1; Doc. 1750 at 1-46.)  Pursuant to Fed. R. Crim P. 11(c)(1)(B), the government agreed to recommend an 87-month sentence based on a base offense of 30 under USSG § 2D1.1(a)(5) and (c) and a three-level reduction for acceptance of responsibility under USSG § 3E1.1.  (Doc. 2239-1 at 5-7.)

Prior to sentencing, the U.S. Probation Office prepared a presentence investigation report ("PSR").  The initial PSR assessed three criminal history points based on Movant's April 23, 2016, arrest and subsequent guilty pleas to state drug offenses in Rockdale County.  (*See* PSR ¶ 60.)  Counsel objected to the criminal history points and argued that this arrest was part of the course of conduct underlying the instant offense.  (*See id.*)  The Probation Officer agreed and amended the final PSR to remove the three criminal history points.  (*See id.*) Ultimately, Movant was subject to a guideline range of 87-108 months' imprisonment.  (*Id.* at 29.)  Counsel filed sentencing memoranda arguing that a 57-month sentence with credit for time served since May 23, 2016, was reasonable under the 18 U.S.C. § 3553(a) factors.  (Docs. 3175, 3177.)

2

The sentencing Court varied downward from the 87-108 month guideline range and sentenced Movant to 81 months' imprisonment. (Doc. 3190 at 2.) The sentencing Court recommended that Movant receive credit for time served. (Doc. 3185.) However, the Federal Bureau of Prisons ("BOP") subsequently determined that Movant could not receive credit for time served between April 23, 2016, and January 17, 2018. (*See* Doc. 3634 at 8.) The instant § 2255 motion followed.

## II.    28 U.S.C. § 2255 MOTION

In his amended § 2255 motion, Movant raises one claim that his plea counsel was ineffective for misadvising him that he would receive credit for all of his time served prior to his guilty plea, from "2016 to 2020." (Doc. 3531 at 4.) Movant contends that counsel told him that he had "changed/edit[]ed the PSR to where all [his] time [he] did at Lovejoy Federal Detention Center counted." (*Id.*) Plaintiff states that he was "on high doses of Seroquel" and that his counsel "took advantage of him" to deceive him into believing that he would receive credit for all of his time served in state and prior federal custody. (*Id.*)

The government responds that counsel's performance was not ineffective because counsel vigorously advocated for his client, successfully argued against a 3-point enhancement under USSG § 4A1.2, obtained the sentencing court's

3

agreement that Movant should receive credit for time served, and Movant received a downward-variance sentence. (Doc. 3634 at 7-8.) The government notes that, according to the BOP's computation report, Movant was not able to receive credit for time served between April 23, 2016, and January 17, 2018, because, under "Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984), and Title 18 U.S.C. § 3585(b)," Movant could not receive "jail credit for time that has been credited against another sentence, or for time spent in the service of another sentence." (*Id.* at 8.) The government contends that counsel "did everything possible to provide that Wingate received credit for his state time," and that failure to secure a requested outcome is not ineffectiveness. (*Id.*) The government also asserts that Movant's claim that his counsel fraudulently altered the PSR to make it appear that Movant would receive credit for all of his time served is "a bald assertion without any specificity" and "outrageous." (*Id.* at 8-9.)

Movant has not filed a reply to the government's response.

"Generally, a voluntary, unconditional guilty plea waives all nonjurisdictional defects in the proceedings." *United States v. Patti*, 337 F.3d 1317, 1320 (11th Cir. 2003). Thus, a defendant who enters a guilty plea can attack only "the voluntary and knowing nature of the plea." *Wilson v. United States*, 962

4

F.2d 996, 997 (11th Cir. 1992).  A defendant can overcome the otherwise voluntary and intelligent character of his guilty plea only if he can establish that the advice he received from counsel in relation to the plea was not within the range of competence demanded of attorneys in criminal cases, in violation of *Strickland v. Washington*, 466 U.S. 668 (1984).  *Premo v. Moore*, 562 U.S. 115, 121, 126 (2011).  To make a successful claim of ineffective assistance of counsel, a defendant must show both that (1) his counsel's performance was deficient; and (2) the deficient performance prejudiced his defense.  *Strickland*, 466 U.S. at 687.  Deficient performance "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  *Id.*  In order to establish prejudice in the context of a guilty plea, a defendant must show that there is "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Premo*, 562 U.S. at 129 (quotations omitted).  This means that "a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances."  *Diveroli v. United States*, 803 F.3d 1258, 1263 (11th Cir. 2015).  Additionally, "[c]onclusory allegations of ineffective assistance

5

are insufficient" to warrant habeas relief. *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992) (quotation marks omitted).

First, counsel's performance did not fall below an objective standard of reasonableness. *See Strickland*, 466 U.S. at 687. Counsel negotiated a favorable plea agreement, successfully argued that Movant's 2016 Rockdale County arrest should not give rise to any criminal history points under the PSR, argued and obtained the sentencing Court's agreement that Movant should receive credit for time served, and argued for a downward-variance sentence. It is unclear what more counsel could have done to advocate that Movant receive credit for his prior time served. Any allegation that counsel fraudulently altered the PSR is without support in the record and does not warrant habeas relief. *See Wilson*, 962 F.2d at 998.

Moreover, to the extent that Movant argues that he would not have pled guilty but would have proceeded to trial if his counsel had advised him that the BOP would not credit 20 months of time served between April 23, 2016, and January 17, 2018, Movant has not shown prejudice. Counsel negotiated a favorable plea agreement. Movant faced a maximum sentence of life imprisonment on Count 1. *See* 18 U.S.C. § 1963(a). Instead, the government recommended a minimum-guideline 87-month sentence and Movant received a below-guideline 81-month

6

sentence as a result of the plea bargain.  (*See* Doc. 3190 at 2.)   Under these circumstances Movant has not shown that it would have been rational to reject the plea bargain and proceed to trial.  See *Diveroli*, 803 F.3d at 1263.

Movant's Ground 1 is without merit.   Accordingly, **IT IS RECOMMENDED** that the amended § 2255 motion be **DENIED**.

## III.   CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."   A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion to vacate] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).  Because reasonable jurists would not debate the resolution of the issues

7

presented, **IT IS FURTHER RECOMMENDED** that a COA be **DENIED**. *See id.* If the District Court adopts this recommendation and denies a certificate of appealability, movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2255, Rule 11(a).

## IV.   CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that the amended § 2255 motion be **DENIED** and that no certificate of appealability issue.

The Clerk of Court is **DIRECTED** to terminate the referral to the undersigned United States Magistrate Judge.

**IT IS SO RECOMMENDED**, this 9th day of March, 2022.

_____
JOHN K. LARKINS III
United States Magistrate Judge

8